UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN SALDANA PACHECO,**

      **Plaintiff,**

v.                                            Case No: 6:24-cv-788-JSS-DCI

**MORA CONSTRUCTION, INC. and
ANTONIO MORA,**

      **Defendants.**

---

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Approval of Settlement Agreement (Doc. 12)
>
> **FILED:** June 11, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On April 26, 2024, Plaitniff filed a complaint bringing an action pursuant to the Fair Labor Standards Act (FLSA). Doc. 1. Neither of Defendants have appeared in this case. Regardless, on June 12, 2024, Plaitniff filed a Motion for Approval of Settlement Agreement. Doc. 12 (the Motion). The "Settlement Agreement and General Release" (the Agreement, (Doc. 12 at 11-17) is attached to the Motion.

In the Motion, the Plaitniff represents that the parties agreed to a $20,000 settlement. Doc. 12. Of that amount, Plaintiff is to receive a total of $12,694.34 while Plaintiff's counsel is to

receive $7,305.66 in fees and costs. *Id*. at 3. The attorney fee requested represents 33% of the total settlement amount, pursuant to a contingency fee agreement. *Id*.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]

The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). When attorney fees are not negotiated separately, however, "the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach." *Cohen v. Goodyear Tire & Rubber Co.*, Case No. 6:09-cv-496-Orl-31DAB, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009). "[A]ny amount above the lodestar is unreasonable unless supported by some special circumstance." *Id.* at *4.

Further, in FLSA cases, the Eleventh Circuit, albeit in an unpublished opinion, has questioned the validity of contingency fee agreements. *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.,* 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net . . . .")). In *Silva,* the circuit explained:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food,* 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC,* 569 F.Supp.2d 1259 (M.D. Fla. 2008).

307 F. App'x. at 351-52. And while some district courts have questioned *Silva*, its premise remains an unsettled question of law in this Circuit.

Here, the undersigned cannot recommend that the Court approve the settlement agreement based on the information provided by Plaitniff. The attorney fee requested is 33% of the total FLSA settlement amount. To support that request, Plaitniff attached his lawyer's billing records. Those records on their face show a lodestar of only $4,359.00. Doc. 12 at 15-17. Even if the Court credited in full the lodestar amount, the requested fee is still more than the lodestar. On this record, there is no basis to cause Plaintiff to pay a higher attorney fee than a reasonable lodestar amount. Indeed, qualified FLSA counsel are abundant in this District and willing to take cases without contingency fees. The purpose of the contingency fee in this case is not sufficiently explained or justified and, as such, the undersigned cannot recommend that it is reasonable to subject Plaintiff to such a fee. *See Zegers*, 569 F.Supp.2d at 1263 ("The language of the FLSA and case law interpreting it indicate that Congress intended that FLSA plaintiffs receive damages *as well as* reasonable attorney's fees from the defendant.") (citing *Lynn's Food*, 679 F.2d at 1352-53); (29 U.S.C. § 216(b) (emphasis added)). Further, in relation to the Agreement, Plaintiff is clearly compromising his FLSA claim, but the extent of that compromise is unclear because the amounts payable to Plaintiff are directly reduced by the amounts payable to counsel—a situation that the FLSA's fee-shifting provisions explicitly make unnecessary for a plaintiff seeking to recover earned wages.

Even if amounts owed to FLSA plaintiffs could be diminished by contingency agreements between such plaintiffs and their counsel—and the undersigned is not now opining on that unsettled issue—Plaitniff has failed to establish that the requested fee is reasonable.  As the court in *Silva* stated, "FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."  307 F. App'x. at 352 (internal citations omitted).

Further, though the Motion is filed as unopposed, the lack of an appearance by Defendants is troubling, and the Court is disinclined to simply take Plaintiff's word that the Motion is unopposed.

Finally, even if the attorney fees here were reasonable, the Settlement Agreement contains certain provision that the undersigned would not recommend for approval on this record.  In particular, the Settlement Agreement appears to contain a general release, and there is no briefing concerning the reasonableness of that provision.

Accordingly, the Motion (Doc. 12) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on August 8, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties